UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,
    Petitioner,

vs.                                Case No.: 1:23cv161/MW/ZCB

STATE OF FLORIDA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, James Lee Ballard, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 7). On December 11, 2023, the Court ordered Petitioner to show cause as to why this case is not moot, barred by *Younger* abstention, and/or barred by Petitioner's failure to exhaust available state remedies. (Doc. 18). Plaintiff has not responded to the show cause order. As explained below, this case should be dismissed.

### I.    Background

When Petitioner filed this § 2241 petition, he was a pretrial detainee in the Alachua County Jail. He was awaiting trial in Alachua County Circuit Court. *State of Florida v. James Lee Ballard*, Case No.

1

01-2018-CF-001513A.[1]  The petition alleged "Speedy Trial violations" in the state court proceedings.  (Doc. 7 at 3-5).

After filing the § 2241 action, Petitioner was convicted in state court and sentenced to 364 days' imprisonment with credit for 364 days.  *State of Florida v. James Lee Ballard*, Case No. 01-2018-CF-001513A.  Petitioner is, therefore, no longer in state custody.  See https://acso.us/inmate-search/ (Alachua County Sheriff's Office Inmate Search).  His conviction is currently on appeal to the First District Court of Appeal.  *See State of Florida v. James Lee Ballard*, Case No. 01-2018-CF-001513A.

## II.  Discussion

To be justiciable, a federal lawsuit must involve an actual, live controversy between the parties.  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).  If there was a live controversy when the case was filed but one no longer exists at a later stage in the litigation, then a

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of facts taken from the Alachua County Circuit Court's online public docket for this case.  If Petitioner disputes the accuracy of these facts or otherwise wishes to be heard on the propriety of the Court's taking judicial notice of these facts, he may do so in an objection to this Report and Recommendation.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-53 (11th Cir. 2020).

case is moot. *Id.* And a moot case is nonjusticiable, which means it cannot be heard by a federal court. *Troiano v. Supervisor of Elections in Palm Beach Cnty.*, 382 F.3d 1276, 1281 (11th Cir. 2004).

By way of this § 2241 action, Petitioner appears to have been seeking an expedited trial and/or release from pretrial custody.[2] But such claims for relief have been mooted by Petitioner's subsequent *nolo contendere* plea and conviction in state court. *See Jones*, 2007 WL 2746651, at *2 (finding that the petitioner's § 2241 petition challenging his pretrial custody on speedy trial grounds was moot because the petitioner "pleaded guilty to, and was convicted of, the state charges against him"); *see also Powers v. Schwartz*, 587 F.2d 783, 784 (5th Cir. 1979) (finding that a habeas petition challenging denial of pretrial bail was mooted by the petitioner's conviction); *see also Thorne v. Warden*, 479

---

[2] Petitioner could not have used a § 2241 habeas petition to seek pretrial dismissal of the state charges against him because of an alleged speedy trial violation. *See Jones*, No. 2:05-cv-701, 2007 WL 2746651, at *2 (M.D. Ala. Sept. 19, 2007) ("It is well settled that federal habeas relief is not available to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial.") (cleaned up); *see also Taylor v. Taylor*, No. 1:15-cv-00761, 2018 WL 3352745, at *5 (N.D. Ala. June 15, 2018) (explaining that "a § 2241 petitioner cannot seek federal dismissal of his state criminal charges based on unexhausted speedy trial violation claims").

3

F.2d 297, 299 (2d Cir. 1973) ("Since Thorne is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented.") (cleaned up). That is so because "[e]ven a favorable decision on [Petitioner's] claims would not afford him an expedited trial" or release on bond given his conviction. *Jones,* 2007 WL 2746651, at *2.

Even if Petitioner's § 2241 action were not moot, it would still be subject to dismissal under the *Younger* abstention doctrine. Under this doctrine, federal courts will generally not interfere with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Abstention is appropriate under *Younger* when: (1) state criminal judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the constitutional issue. *Id.* There are three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional

issues can be raised. *Id.* at 45-46; *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975).

Here, the requirements of *Younger* abstention are met. First, there are state judicial proceedings pending because Petitioner's conviction is currently on appeal to Florida's First District Court of Appeal. *See State of Florida v. James Lee Ballard*, Case No. 01-2018-CF-001513A. Second, the state clearly has a strong interest in Petitioner's state court proceedings. And finally, there is no reason to believe the Florida state courts are an inadequate forum for Petitioner to raise federal constitutional arguments. Moreover, Petitioner has not shown that any exceptions to *Younger* abstention apply. Petitioner's § 2241 action is, therefore, barred by *Younger* abstention.

Furthermore, Petitioner's § 2241 petition is subject to dismissal because he has not exhausted the available state remedies. As the Eleventh Circuit has explained, "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." *Johnson v. Florida*, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (cleaned up). "[T]he purpose of the exhaustion requirement is to afford the state court the opportunity to pass upon and correct alleged violations of its

5

prisoners' federal rights." *Id.* (cleaned up). "The exhaustion doctrine was crafted on federalism grounds to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process." *Id.*

Here, Petitioner has ongoing litigation in the state courts regarding the lawfulness of his conviction. He has not come to the end of his state court litigation road. Were this Court to reach the merits of Petitioner's speedy trial issue at this point, it would be taking away the Florida judicial system's "opportunity to confront and resolve any constitutional issues arising within their jurisdiction." *Id.* Thus, dismissal of this § 2241 action is warranted because Petitioner failed to exhaust his state remedies. *See Jones*, 2007 WL 2746651, at *2 (dismissing a § 2241 habeas action petition raising speedy trial claims and explaining that the petitioner "has not yet exhausted his available state court remedies"); *see also Davis v. McCovery*, No. 2:19cv714, 2019 WL 7592426, at *2 (M.D. Ala. Dec. 19, 2019) (dismissing habeas petition filed under § 2241 because the petitioner "has not yet exhausted his available state court remedies with respect to the speedy trial claim").

6

### III. Conclusion

For the reasons above, this § 2241 action should be dismissed because of mootness, *Younger* abstention, and failure to exhaust state remedies.

### IV. Certificate of Appealability

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition. *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008) (citing 28 U.S.C. § 2253(c)(1)(A) and *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003)). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner

7

a certificate of appealability. If Petitioner objects to this recommendation, he may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The amended habeas petition (Doc. 7) be **DISMISSED without prejudice**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida this 3rd day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.